**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Robert Adell Brown, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Flying J, Inc., | ) | Case No.  1:08-cv-059 |
| | ) | |
| Defendant. | ) | |

_____

The plaintiff, Robert Adell Brown, initiated the above entitled action pro se by complaint on May 27, 2008.  He crux of his complaint was that he was wrongfully terminated by his employer, the Defendant, as a result of an altercation between . as assaulted with a food transportation cart terminated following an altercation with a coworker.

On March 16, 2009, the plaintiff, Robert Adell Brown (Brown), filed a Motion to Compel. He seeks an order from the court compelling Defendant to answer the following interrogatories:

> <u>Interrogatory No.  1</u>:  What is the name of Flying J's pre-employment psychological computerized multiple choice test?
>
> <u>Interrogatory No.  2</u>: When did Flying J initiate their pre-employment psychological computerized multiple choice test?
>
> <u>Interrogatory No.  3</u>:  What is the purpose fo the pre-employment test and what information is gained by the test?
>
> <u>Interrogatory No.  4</u>: As a condition of employment, does Flying J Incorporated administer the pre-employment psychological computerized multiple choice test and every applicant for employment with Flying J Incorporated?

(Docket No.  24).

On March 23, 2009, Defendant filed a response in opposition to Brown's motion.  It objects

1

to the motion on the grounds that Brown has not complied with the applicable discovery rules. Specifically, Defendant avers that Brown failed to certify within his motion that he made a good faith effort to resolve this matter with the Defendant before involving the court. See Fed. R. Civ. P. 37(a)(1); see also Robinson v. Potter, 453 F.3d 990, 995 (8th Cir. 2006). It further avers that Brown failed to comply with the court's local rule requirement that he confer with the opposing party prior to filing his motion. See D.N.D. Civ. L.R. 37.1. In the alternative, it claims to have properly responded to Brown's interrogatories to the extent that it objected to their relevance. Finally, it denies ever having required Brown to take a "preemployment psychological computerized choice test" as alleged in Brown's complaint.

It is not readily apparent how Defendant's alleged pre-employment testing bears upon Brown's termination. The connect between the two is tenuous at best. Moreover, it appear highly improbable that information allegedly gleaned from such testing would have a "tendency to make the existence of any fact of consequence to the determination of [his alleged wrongful termination or the alleged altercation] more probable or less probable than it would be without the information." Finally, it appears unlikely that Defendant could provide Brown with any information he does not already have given its denial of ever administering psychological testing to any of its employees. Accordingly, Brown's Motion to Compel (Docket no. 24) is **DENIED**.

    **IT IS SO ORDERED.**

Dated this 26th day of March, 2009.

                                                 */s/ Charles S. Miller, Jr.*
                                                 Charles S. Miller, Jr.
                                                 United States Magistrate Judge